UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE PAMINTUAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-00254-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING MDL PANEL DECISION**<br><br>Re: Dkt. No. 57 |

Before the Court is the motion to stay proceedings pending decision by the Judicial Panel on Multidistrict Litigation ("Panel") filed by Defendants Bristol-Myers Squibb Company, Otsuka America Pharmaceutical, Inc., and Otsuka Pharmaceutical Co., Ltd. (together, "Defendants"). Dkt. No. 57 ("Mot."). Plaintiff Stephanie Pamintuan ("Plaintiff") does not oppose the motion.

On June 24, 2016, the parties filed a joint petition with the Panel to transfer this case (and 25 others that also allege Defendants' pharmaceutical Abilify caused compulsive behavior) to one consolidated MDL proceeding. *Id.*, Ex. A. Defendants request a stay of proceedings in this Court pending the Panel's decision on whether to order transfer of the action. Defendants contend that any further proceedings in this Court, including a decision on the pending motion to dismiss for lack of personal jurisdiction, would endanger uniformity of treatment among the Abilify cases. *Id.* at 6. The parties expect the Panel to hear the petition on September 29, 2016. *Id.* at 7.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Using this power, a case may be stayed pending the resolution of independent judicial proceedings that bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1997). A

*Landis* stay is generally of a limited duration. *See Landis*, 299 U.S. at 256 (stating that a district court abuses its discretion by entering a "stay of indefinite duration in the absence of a pressing need"); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) (reversing district court for imposing *Landis* stay of indefinite nature).

In order to determine whether a *Landis* stay should be implemented, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Whether to grant a stay request is a matter entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

The Court finds that a temporary stay of proceedings in this action is appropriate pending a decision by the Panel on whether to consolidate the Abilify compulsive behavior cases in a single MDL proceeding. Under these circumstances, it makes sense for the court handling any MDL to have the opportunity to resolve issues like personal jurisdiction in a uniform manner. *Silverthorn v. Lumber Liquidators, Inc.*, No. 15-cv-1428, 2015 WL 2356785, at *7 (N.D. Cal. May 15, 2015). But more importantly, there does not appear to be any risk of harm or prejudice to any party or third party, especially in the light of Plaintiff's consent. And given that the Panel intends to hear the matter on September 29, 2016, the stay will be temporary and limited in duration.

Accordingly, the Court **GRANTS** Defendants' unopposed motion to stay this case pending a decision by the Panel on whether to transfer this action to a consolidated MDL proceeding.

**IT IS SO ORDERED.**

Dated: 7/14/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2